Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTER DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AND MARCIA PUCCIO,<br><br>                Plaintiff,<br>vs.<br><br>FRANKLIN J. LOVE, CRME FINANCIAL SERVICES INC. AND DOES 1-10, inclusive,<br><br>                Defendants. | Case No. '16CV2890 W    BGS<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>JURY TRIAL DEMANDED |

## JURISDICTION AND VENUE

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by individual consumers, Joseph Puccio, (hereinafter "Joseph Puccio" or "Plaintiff") and Marcia Puccio (hereinafter "Marcia Puccio" or "Plaintiff") which arises out of defendants Franklin J. Love's (hereinafter "Love" or "Defendant") and CRME Financial Services Inc. ("CRME") violations of the Fair Debt Collection Practices Act, (hereinafter "FDCPA")[1] and CRME individually for the additional violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. (hereinafter "the Rosenthal Act")[2].

2. Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. § 1692(k)(d) and 28 U.S.C. § 1367 for supplemental state claims.

---

[1] All undesignated section references to §1692 are to the FDCPA
[2] All undesignated section references to §1788 are to the Rosenthal Act

3. As Defendants do business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendants for purposes of this action.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in San Diego County, California.

## INTRODUCTION

5. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

6. The California legislature has determined that the extension of consumer credit through banking and business transactions is dependent upon the collection of just and owing debts, yet unfair or deceptive collection practices undermine the public confidence essential to the continued functioning of a sound banking and credit system. The legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

7. Plaintiffs make these allegations on information and belief, except for those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## THE PARTIES

8. Plaintiffs are natural persons residing in San Diego County, California.

9. Plaintiffs are "consumers" within the meaning of § 1692a(3) being a natural person purportedly obligated to pay a "debt" or "consumer debt", as defined respectively, in § 1692a(5) and Civil Code section 1788.2(f) and allegedly owed CMRE (hereinafter "Debt").

10. Plaintiffs are "debtors" as that term is defined by Civil Code section 1788.2(h).

11. Plaintiffs do not presently now the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive. Plaintiffs will seek leave of court to amend this complaint to allege said Defendants' true names and capacities as soon as Plaintiffs ascertain them.

12. At all times mentioned herein, Love and each Defendant, excepting CMRE, was the agent and employee of CMRE and each and all the other Defendants was acting in the course of such agency and employment.

13. Defendants are persons and/or business entities who uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by § 1692a (6).

## FACTUAL ALLEGATIONS

14. On October 6, 2009, CRME represented by Love, filed suit against Plaintiffs in San Diego Superior Court cause number 37-2009-00060608-CL-CL-NC.

15. On March 9, 2010 default was entered against Plaintiffs.

16. On or about November 13, 2015 Bill Rose ("Rose") counsel for Plaintiffs, at that time, contacted Love to negotiate a settlement, which was agreed upon and finalized,

17. Plaintiff was to pay the sum of $3,000.00 as follows: $1,500.00 by

November 30, 2015, and $1500.00 by December 30, 2015, both via check to Love's office.

18. Later, on November 13, 2015, Love emailed Rose confirming the settlement agreement resolving the above case.

19. Plaintiffs made the first payment of $1,500.00 on time, receipt of which Love confirmed in an email dated November 24, 2015.

20. On November 30, 2015, despite and in contradiction to the above agreement, the sum of $748.00 was garnished from Plaintiff's paycheck at his employer Irvine Pacific, Inc. ("Employer").

21. Later that day, on November 30, 2015, Rose spoke with Love by telephone and requested that the wage garnishment be stopped.

22. The policy and procedure of the Sheriff requires that the party requesting the garnishment provide direction, such as termination of a garnishment, directly to the sheriff's department.

23. Rose informed Love that if the garnishment continued, and additional funds were withheld Plaintiff would be unable to make his mortgage payment, and his credit standing could be damaged.

24. On December 15, 2015, the sum of approximately $813.00 was withheld.

25. With this garnishment, Love had then collected, or attempted to collect, an amount more than the amount agreed upon in the settlement agreement.

26. On January 6, 2016 Sacramento County Sheriff's Department received check no. 7767748 from his employer in the amount of $748.45.

27. On January 11, 2016 Rose emailed Love, advising him of the garnishment.

28. He further advised him that thus, Plaintiff had to incur debt to meet his financial obligations. The sheriff had informed Plaintiff that as of January 11, 2016 they have not received any communication regarding termination of the garnishment.

29. Rose once again demanded that Love notify the sheriff to stop the garnishment. He also provided Love with direct contact information to the employer's

payroll department to instruct them to stop the garnishment.

30. Rose also again requested that Love also inform the sheriff.

31. Later, on January 11, 2016 at 3:38 PM, Love emailed Rose, acknowledging a credit of $1,500.00 for the first payment. He took the position that the entire judgment balance remained due and owing since Plaintiff didn't comply with the terms that he was to deliver certified funds by the dates he represented. He further stated that he did not control over when the Sacramento Sheriff would process his garnishment instructions. He demanded to know precisely how and when the Plaintiff would pay an additional $1,500.00. At this point in time $2,315.18 had been garnished and $1,500 had been paid totaling $3,815.18.

32. On January 19, 2016 Rose emailed Love, clarifying certified funds was not required by the settlement agreement, Plaintiff made the timely payment, and did not breach the settlement agreement. Further Rose corrected Love's arithmetic clarifying that the payment and garnishments to date exceeded the agreed upon settlement and therefore, CRME had already received more than it was entitled to receive under the agreement. At that time, including the fourth garnishment on January 15, 2016 the total paid was $4,637.84.

33. On January 19, 2016 Love emailed Rose claiming only $1,500.00 had been received. He further made the following statements; "Payment is not received until it is actually received.", and "until one way or other the additional sum of $1,500.00 is actually remitted by your client, the Judgment is not satisfied.", and finally "You need to advise the date by which this will be accomplished. If payment is not made, enforcement of the full judgment balance will ensue."

34. The first garnishment occurred 11-30-15 in the amount of $748.45.

35. The second garnishment occurred 12-15-15 in the amount of $ 818.30.

36. The third garnishment occurred 12-30-15 in the amount of $748.43.

37. The fourth garnishment occurred1-15-16 in the amount of $822.66

38. Thereby the defendants were attempting to collect additional unowed

money on a debt that was overpaid for which there was no basis in contract or law.

39. On January 29, 2016 Sacramento County Sheriff's Department received check no. 080996488 from Employer in the amount of $818.30.

40. On January 29, 2016 Sacramento County Sheriff's Department placed the Writ in "released" status having at that point collected a total of $1,566.75.

41. On January 29, 2016 Sacramento County Sheriff's Department issued check no. 2012746285 in the amount of $818.30 to Joseph Puccio and mailed the same on February 9, 2016.

42. On May 13, 2016 Sacramento County Sheriff's Department issued check no. 2012784893 in the amount of $748.45 to Joseph Puccio and mailed the same on May 19, 2016.

43. Love did not notify the Sheriff by Letter of Instruction to Terminate the Earnings Withholding Order, or other means, to prevent the garnishment of Plaintiff's wages.

44. Each of these illegal garnishments harassed, oppressed and abused Plaintiffs by seizing funds that had been budgeted for specific obligations at specific times and would now be unavailable and cause financial chaos to the Plaintiff.

45. By continuing with the garnishment process when the funds were not owed, the defendants misrepresented the legal status of the debt as owed and the amount of the debt.

46. By continuing the garnishment procedure, the defendants attempted to collect the paid debt, which was neither owed under any statute nor created under any agreement.

47. The conduct of the defendants, in maintaining a garnishment after Plaintiff partially paid the debt directly to Love as agreed, prior to the next payment being due, in the subsequent garnishing his wages, and other actions fully described herein, were violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), 1692e(5), 1692f and 1692f(1).

48.     Plaintiffs have suffered actual damages because of the illegal conduct including but not limited to loss of income, conversion, damages, humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

49.     Plaintiffs were required to curtail their vacation activities from November 24, 2015 through December 3, 2015.

50.     Marcia Puccio became ill in January from the stress of the unpredictable, relentless, and senseless threat of having her husband's wages and part of the budgeted household income seized. This illness caused her to lose time from work and income.

## FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

51.     Plaintiff Joseph Puccio repeats, re-alleges, and incorporates all the allegations contained in the above paragraphs of this Complaint as though fully stated herein.

52.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to §§ 1692b(2), (3), (6), § 1692c(a)(2), § 1692c(b), § 1692d, §§ 1692e(4), (5), (10), § 1692f and each and every one of the above cited provisions of § 1692 et seq.

53.     As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to § 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to § 1692k(a)(3) from Defendants.

## SECOND CLAIM FOR RELIEF

### (Violations of the FDCPA)

54.     Plaintiff Marcia Puccio repeats, re-alleges, and incorporates all the allegations contained in the above paragraphs of this Complaint as though fully stated herein.

55.     The foregoing acts and omissions constitute numerous and multiple

violations of the FDCPA, including but not limited to §§ 1692b(2), (3), (6), § 1692c(a)(2), § 1692c(b), § 1692d, §§ 1692e(4), (5), (10), § 1692f and each and every one of the above cited provisions of § 1692 et seq.

56. As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to § 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to § 1692k(a)(3) from Defendants.

### THIRD CLAIM FOR RELIEF

### (Violations of the Rosenthal Act against CRME only)

57. Plaintiff Joseph Puccio repeats, re-alleges, and incorporates all the allegations contained in the above paragraphs of this Complaint as though fully stated herein.

58. Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for violations of Civil Code section 1788.17 because of Defendants' violations, as enumerated above, of the FDCPA.

59. Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for Defendants' violations, as enumerated above, of the Rosenthal Act.

60. Pursuant to Civil Code section 1788.32, the remedies provided under California Civil Code sections 1788.30 and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

61. As a result of each and every violation by Defendant CMRE of the Rosenthal Act as previously stated, Plaintiff is entitled to any actual damages under Civil Code section 1788.30(a), statutory damages of $1000.00 under Civil Code section 1788.30(b) for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of Civil Code section 1788.17, and attorney's fees and costs under Civil Code section 1788.30(c), from CRME only.

## FOURTH CLAIM FOR RELIEF

### (Violations of the Rosenthal Act against CRME only)

62.  Plaintiff Marcia Puccio repeats, re-alleges, and incorporates all the allegations contained in the above paragraphs of this Complaint as though fully stated herein.

63.  Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for violations of Civil Code section 1788.17 because of Defendants' violations, as enumerated above, of the FDCPA.

64.  Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for Defendants' violations, as enumerated above, of the Rosenthal Act.

65.  Pursuant to Civil Code section 1788.32, the remedies provided under California Civil Code sections 1788.30 and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

66.  As a result of each and every violation by Defendants of the Rosenthal Act as previously stated, Plaintiff is entitled to any actual damages under Civil Code section 1788.30(a), statutory damages of $1000.00 under Civil Code section 1788.30(b) for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of Civil Code section 1788.17, and attorney's fees and costs under Civil Code section 1788.30(c), from CRME only.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joseph Puccio prays that judgment be entered against Defendants, and for Plaintiff, and prays for the following relief:

(1)  Award of actual damages in accordance with proof at trial, pursuant to §1692k(a)(1) and against CMRE only, pursuant to Civil Code section 1788.30(a);

(2)  Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A);

(3)  Award of statutory damages of $1,000.00 against CMRE only, pursuant to

1 | Civil Code section 1788.17[3] ;

2 |     (4)   Award of the costs of litigation and reasonable attorney's fees, pursuant to
3 | §1692k (a) (3) and against CMRE only, Civil Code section 1788.30(c);

4 |     (5)   Such other and further relief this court may deem just and proper.

5 |     WHEREFORE, Plaintiff Marcia Puccio prays that judgment be entered against
6 | Defendants, and for Plaintiff, and prays for the following relief:

7 |     (6)   Award of actual damages in accordance with proof at trial, pursuant to
8 | §1692k(a)(1) and against CMRE only, pursuant to Civil Code section 1788.30(a);

9 |     (7)   Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A);

10 |     (8)   Award of statutory damages of $1,000.00 against CMRE only, pursuant to
11 | Civil Code section 1788.17[4] ;

12 |     (9)   Award of the costs of litigation and reasonable attorney's fees, pursuant to
13 | §1692k (a) (3) and against CMRE only, Civil Code section 1788.30(c);

14 |     (10)   Such other and further relief this court may deem just and proper.

## **TRIAL BY JURY**

67. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated November 23, 2016

**Lester & Associates**
s/Patric Lester
Attorney for Plaintiffs,
pl@lesterlaw.com

---

[3] § 1692k(a)(2)(A) of the FDCPA
[4] § 1692k(a)(2)(A) of the FDCPA