# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PUCCIO, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>FRANKLIN LOVE, et al.,<br><br>　　　　　　　Defendants. | Case No.: 16-CV-2890 W (BGS)<br><br>**ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES [DOC. 36]** |

　　　Pending before the Court is Plaintiffs' motion to strike five affirmative defenses in Defendants' Amended Answer. [Doc. 36.] The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **DENIES** the motion.

//
//
//
//
//
//
//
//
//

1

I. **BACKGROUND**

   A. **Factual Background**

Defendant CMRE Financial Services, represented by Defendant Franklin Love, filed suit in California Superior Court against Plaintiffs on October 6, 2009. (*FAC* [Doc. 3] ¶ 14.) Defendant CMRE obtained a default judgment in the amount of $2,193.43. (*Default Judgment* [Doc. 9, Exh. 1].)

On November 13, 2015, in an apparent effort to avoid garnishment, Plaintiffs' counsel at the time arranged a settlement with Love. (*See Love Decl.* [Doc. 9] ¶¶ 16–17.) Per the terms of that settlement, Plaintiffs were to pay $3,000.00 in two equal installments—the first $1,500.00 by November 30, 2015, and the second $1,500.00 by December 30, 2015. (*Id.*)

Plaintiffs made the first payment on time, which Love confirmed in a November 24, 2015 email. (*Love Decl.* [Doc. 9] ¶ 19.) CMRE later deposited that check between December 22, 2015 and January 11, 2016. (See *Love Decl.* [Doc. 9] ¶¶ 28–33.) Nonetheless, and despite the settlement, Defendants allegedly caused the Sacramento Sheriff to begin garnishing Mr. Puccio's wages beginning in the 11/16/2015–11/30/2015 pay period. (*Employer's Return* [Doc. 9, Exh. 2]; *Nov. 15–30, 2015 Earnings Statement* [Doc. 15-1].) $748.45 was withheld from Joseph Puccio's paycheck. (*Nov. 15–30, 2015 Earnings Statement* [Doc. 15-1].) Plaintiffs' attorney phoned Love on November 30 and requested that the garnishment cease. (*Rose Decl.* [Doc. 13-7] ¶ 15.) The garnishment continued. (*Dec. 1–15, 2015 Earnings Statement* [Doc. 15-2].) $818.30 was garnished from Puccio's next paycheck, and $748.43 from the paycheck after that. (*Dec. 1-15, 2015 Earnings Statement* [Doc. 15-2]; *Dec. 16–31, 2015 Earnings Statement* [Doc. 15-3].)

On January 11, 2016, Plaintiffs' attorney sent Love the following email:

//
//
//

2

> **Mr. Love[:]**
>
> **Despite the settlement of this case, the wage garnishment of my client continues.**
>
> **As a result, he has had to incur debt to meet his financial obligations.**
>
> **Further, the Sacramento Sheriff has informed my client that they have not received any communication regarding termination of the garnishment.**
>
> **It is essential that you meet your responsibilities in this case and notify the sheriff to stop the garnishment.**
>
> **Please fax or email today to the personnel department of my client's employer and explanation that the case has been settled, and that they may stop the garnishment .**
> **. . .**
>
> **Please also notify the Sheriff.**

(*Jan. 11, 2016 Rose Email* [Doc. 9, Exh. 8].)

In response, Love sent Plaintiffs' attorney the following email that same day:

> **Apparently your client was unable to stop payment on his check. Accordingly, he is now entitled to a credit of $1,500. Although the entire Judgment balance remains due and owing since he didn't comply with the terms that he was to deliver certified funds by the dates he represented. Nevertheless, the release has been sent as requested, but as indicated it does not constitute a total satisfaction. My office does not control over [sic] when the Sacramento Sheriff will process instructions. Therefore, I need to know precisely how and when your client will satisfy the remaining $1,500. Payment by certified funds is mandatory. If satisfactory arrangements are not made, then you will be notified that the Sheriff will receive new levy instructions.**

(*Jan. 11, 2016 Love Email* [Doc. 9, Exh. 8].) The garnishment continued for one subsequent pay period. (*Jan. 1–15 Earnings Statement* [Doc. 15-4] (reflecting a garnishment of $822.66).) Mr. Love sent a letter to Mr. Puccio's employer directing it to "cease any further deductions on any future wages and return any monies that might be currently under levy . . . ." (*Letter to Irvine Company* [Doc. 9, Exh. 6].) He also directed the sheriff to "release all property held under [attachment-execution.]" (*Release* [Doc. 9, Exh. 5].) By mid-January, 2016, $3,137.84 had been garnished from Mr. Puccio's wages—in addition to the $1,500 payment to CMRE, which CMRE deposited during the garnishments, between December 22, 2015 and January 11, 2016. (*See Earnings Statements* [Docs. 15-1–15-4]; *Love Decl.* [Doc. 9] ¶¶ 28–33.)

3

The Sacramento County Sheriff's Department placed the writ of garnishment in "released" status in January of 2016, having collected from Mr. Puccio's employer a total of $1,566.75. (*Levy Officer File* [Doc. 13-15].) The Sheriff returned that sum to Joseph Puccio in two installments on January 29 and May 13, 2016, respectively. (*Id.* [Doc. 13-15].)

### B. Procedural History

Plaintiffs filed this action on November 23, 2016. (*Compl.* [Doc. 1].) They filed a First Amended Complaint ("FAC") on December 28, 2016. (*FAC* [Doc. 3].) Defendants CMRE and Love filed an Answer and CMRE filed an Anti-SLAPP motion pursuant to Cal. Code Civ. Proc. § 425.16 on November 13, 2017. (*Answer* [Doc. 7]; *Anti-SLAPP Motion* [Doc. 8].) Plaintiffs moved to strike Defendants' affirmative defenses on November 29, 2017. (*Previous Mot. to Strike* [Doc. 10].) The Court denied Defendants' anti-SLAPP motion and granted in part and denied in part Plaintiffs' motion to strike. (*Feb. 26, 2018 Order* [Doc. 27].)

Defendants filed an amended answer on March 12, 2018. (*Amd. Answer* [Doc. 32].) Plaintiffs filed another motion to strike affirmative defenses on April 6, 2018. (*Pls.' Mot.* [Doc. 36].) Defendants oppose. (*Defs.' Opp'n* [Doc. 38].)

## II. LEGAL STANDARD

### A. Motion to Strike

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted). Motions to strike are generally disfavored and are "usually . . . denied unless the allegations in the pleading have no possible relation to the controversy, and may

4

cause prejudice to one of the parties." See Travelers Cas. & Sur. Co. of Am. v. Dunmore, 2010 WL 5200940, at *3 (E.D. Cal. 2010).

Redundant matter is the needless repetition of assertions. See Travelers, 2010 WL 5200940, at *3. "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead." Whittlestone, 618 F.3d at 974 (quotation omitted). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (quotation omitted). "Scandalous matters are allegations 'that unnecessarily reflect . . . on the moral character of an individual or state . . . anything in repulsive language that detracts from the dignity of the court' . . . and 'include . . . allegations that cast a cruelly derogatory light on a party or other person.' " Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009) (quoting Cobell v. Norton, 224 F.R.D. 1, 5 (D.D.C. 2004), In re 2TheMart.com Secs. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000), respectively).

The court may not strike from the pleadings any disputed and substantial factual or legal issue. See Whittlestone, 618 F.3d at 973–74 (9th Cir. 2010). Any doubt about whether the matter under attack raises a factual or legal issue should be resolved in favor of the non-moving party. See id. at 975 n.2.

### III. DISCUSSION

#### A. Motion to Strike Affirmative Defenses

Plaintiffs move to strike five of the sixteen affirmative defenses asserted in Defendants' amended answer. (*Pls.' Mot.* [Doc. 36]; *Amd. Answer* [Doc. 32].) For the reasons that follow, the motion will be denied.

#### 1. Statute of Limitations (First Affirmative Defense)

First, Plaintiffs move to strike the statute of limitations defense on the ground that "[t]here are several statutory violations being alleged" and Defendants do not specify to which one they refer. (*Pls.' Mot.* [Doc. 36-1] 3:6–22.) This is without merit. Plaintiffs

5

allege that Defendants violated only two statutes—the FDCPA and the Rosenthal Act. (*FAC* [Doc. 3].) Both have a one-year statute of limitations. 15 U.S.C. § 1692k(d); Cal. Civ. Code § 1788.30(f).

### 2. Good Faith (Fifth Affirmative Defense)

Second, Plaintiffs move to strike the good faith defense on the ground that it does not afford them fair notice of the defense. (*Pls.' Mot.* [Doc. 36-1] 3:23–4:11.) Their reasoning is not persuasive, and they do not otherwise show that the material in question falls within the ambit of Rule 12(f).

### 3. Privilege (Sixth and Fifteenth Affirmative Defenses)

Third, Plaintiffs move to strike the privilege affirmative defenses on the ground that they do not afford them notice of what privileges are asserted. (*Pls.' Mot.* [Doc. 36-1] 4:12–5:20.) These defenses are identical to those asserted in the previous answer. (*Compare Answer* [Doc. 7] ¶¶ 70, 79; *with Amd. Answer* [Doc. 32] Aff. Defs. ¶¶ 6, 15.) Plaintiffs brought a previous motion to strike affirmative defenses without raising this objection.

Federal Rule of 12(g) provides, as relevant here:

> **[A] party that makes a motion under [Federal Rule of Civil Procedure 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.**

Fed. R. Civ. P. 12(g).

> **Simply stated, the objective of the consolidation rule is to eliminate unnecessary delay at the pleading stage. Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. The defendant cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion, but must present them simultaneously. Any defense that is available at the time of the original motion, but is not included, may not be the basis of a second pre-answer motion.**

5C, Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. 3d § 1384 (3d ed. 2018).

6

16-CV-2890 W (BGS)

Plaintiffs had the opportunity to move to strike these defenses in the prior motion to strike, and they did not avail themselves of it. (*Prior Mot. to Strike* [Doc. 10-1].) They waived these objections. See Fed. R. Civ. P. 12(g).

### 4. Failure of Condition (Sixteenth Affirmative Defenses)

Fourth and finally, Plaintiffs move to strike the sixteenth affirmative defense, for failure to perform "one or more obligations under the contract that is the subject of this Complaint." (*Pls.' Mot.* [Doc. 36-1] 5:21–6:1; *Amd. Answer* [Doc. 32] Aff. Defs. ¶ 16.) This is identical to the defense Defendants brought in their previous Answer. (*See Answer* [Doc. 7] ¶ 81.) Plaintiffs already moved to strike this defense, and the Court denied the motion. (*See Previous Mot. to Strike* [Doc. 10-1] 16; *Feb. 26, 2018 Order* [Doc. 27] 20.) Their new motion is no more persuasive than their last.

## IV. CONCLUSION & ORDER

Plaintiffs' motion to strike is **DENIED**. [Doc. 36.]

Dated: June 25, 2018

Hon. Thomas J. Whelan
United States District Judge