# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PUCCIO and MARCIA PUCCIO,<br><br>        Plaintiffs,<br><br>v.<br><br>FRANKLIN J. LOVE, and CMRE FINANCIAL SERVICES,<br><br>        Defendants. | Case No.: 16-cv-02890 W (BGS)<br><br>**ORDER:**<br><br>**GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND LITIGATION EXPENSES [DOC. 56]** |

  Pending before the Court is Plaintiffs' motion for attorney's fees [Doc. 56]. The Court decides the matters without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion for attorney's fees and litigation expenses.

//

//

## I. BACKGROUND

Plaintiffs Joseph and Marcia Puccio brought this action on November 23, 2016, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq. (*Compl.* [Doc. 1].) On December 28, 2016, Plaintiffs filed their First Amended Complaint, [Doc. 3], and Defendants Franklin J. Love and CMRE Financial Services, Inc. were served on February 10, 2017, [Docs. 5; 6].

On November 13, 2017, Defendants filed an Answer, and CMRE filed an Anti-SLAPP motion under Cal. Code Civ. Proc. section 425.16. [Doc. 8]. Plaintiffs then filed a Motion to Strike the Defendant's Affirmative Defenses under Federal Rule of Civil Procedure 12(f). [Doc. 10]. On February 26, 2018, the Court denied the Defendants' Anti-SLAPP Motion and granted in part the Plaintiffs' Motion to Strike. [Doc. 27]. After the Defendants filed their Amended Answer to the First Amended Complaint on March 5, 2018, Plaintiffs then filed a second Motion to Strike Defendants' amended Answer and Affirmative Defenses. [Docs. 32; 36]. The Court denied the second Motion to Strike on June 25, 2018. [Doc. 40]. On March 18, 2019, Plaintiffs filed their Joint Motion to Dismiss with prejudice, which the Court granted on March 19, 2019. [Docs. 54; 55]. The parties stipulated the Plaintiffs were the prevailing parities and are entitled to attorneys' costs. [Doc. 54]. Plaintiffs then filed their motion for attorney's fees and costs. [Doc. 55].

The parties made multiple attempts to resolve this case early, or to expedite the process. On October 11, 2017, Plaintiffs made a written demand to settle the case. In June 2018, Defendants extended a Rule 68 Offer of Judgment of $6,000.00 to each Plaintiff and reasonable attorney's fees and costs, which the Plaintiffs rejected. After several discovery conferences, Defendants tendered a second Rule 68 Offer of Judgment to the plaintiffs for $10,001.00 to each Plaintiff, plus reasonable attorneys' fees on August 8, 2018. Plaintiffs again rejected this offer. On the date of the scheduled deposition of Defendant Love, August 31, 2018, the parties agreed to settle with a

1 | payment to Plaintiffs and attorneys' fees to be scheduled on a later date. On October 18, 2018, Plaintiffs' counsel made a demand for attorneys' fees and costs.

Plaintiffs' counsel, Mr. Lester, is a solo practitioner who charges an hourly rate of $500.00 per hour and seeks compensation for 274.8 hours of work. (*Pl. Mem. P. & A.* [Doc. 56-1].) Plaintiffs also seek 161.30 hours of work performed by Mary Belford Smith, a paralegal based out of St. Louis, Missouri, who bills at a rate of $195.00 per hour. Additionally, Mr. Weisband, a law clerk licensed to practice law in the Commonwealth of Pennsylvania, billed 34.50 hours at a rate of $150.00 per hour. (*Pl. Reply* [Doc. 64].) Plaintiffs' counsel is also requesting a 15% reduction of the actual lodestar calculation. (*Pl. Mem. P. & A.* [Doc. 56-1].)

In his declaration, Mr. Lester states that email is the primary method of communication between himself, Ms. Belford Smith, and Mr. Weisband. His computer uses software to automatically bill for time stamp email entries, many of which are billed as 0.1 hours.

Defendants oppose, contending that the time and hourly rate should be reduced, asserting many of these emails are excessive, intraoffice, and unnecessary. Defendants further contend that Plaintiffs should not be compensated for the second Motion to Strike.

## II.   LEGAL STANDARD

The language of the FDCPA, 15 U.S.C. § 1692(k), and of the RFDCPA, Cal. Civ. Code. § 1788.30, make an attorneys' fee award mandatory. Myers v. LHR, Inc., 543 F. Supp. 2d 1215, 1218–19 (S.D. Cal. Feb. 25, 2008); see also Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (citing Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir. 1995)). "The district court has a great deal of discretion in determining the reasonableness of the fee [award]." Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). District courts are required to calculate an attorneys' fee award by calculating the lodestar amount, Caudle v. Bristow Optical Co., 224 F.3d 1014, 1028 (9th Cir. 2000), by "multiplying the number of hours the prevailing party reasonably expended on the

litigation by a reasonable hourly rate, Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996) (citing McGrath v. Cty. of Nevada, 67 F.2d 248, 252 (9th Cir. 1995)).

The reasonable hourly rate component is determined by considering the prevailing rate in the community where the district court sits by attorneys of comparable experience. See, e.g., Van Skike v. Dir. of Office of Workers' Comp. Programs, 557 F.3d 1041, 1046 (9th Cir. 2009). Given that the Court sits in San Diego, the Court must determine whether the "hourly rates claimed . . . are in line with the customary rates prevailing in the San Diego legal community for similar work performed by attorneys (and paralegals) of comparable skill, experience, and reputation." Odyssey Reinsurance Co. v. Nagby, 2019 U.S. Dist. LEXIS 221812 at *6 (S.D. Cal. Dec. 27, 2019).

Factors "[t]aken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are '(1) the novelty and complexity of the issue; (2) the special skill and experience of counsel; (3) the quality of the representation; (4) the results obtained; and (5) the contingent nature of the fee agreement.'" Catala v. Resurgent Capital Servs. L.P., 2010 U.S. Dist. LEXIS 63501 at *18 (S.D. Cal. Jun. 22, 2010) (citing Lytle v. Carl, 382 F.3d 978, 988 (9th Cir. 2004)); see also Kerr v. Screen Extras Guild, 526 F.2d 67, 69–70 (9th Cir. 1975). However, clerical tasks, including but not limited to filing and scheduling, setting up meetings, and preparing a proof of service, are part of the normal overhead costs of litigation and not included in recoverable hours. See Arana v. Monterey Fin. Servs., 2016 U.S. Dist. LEXIS. 46111 at *6-7 (S.D. Cal. Apr. 4, 2016); see also Missouri v. Jenkins ex rel. Agyei, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.").

Time spent reviewing emails or completed with 0.1 hours per entry merits additional scrutiny. See Arana, 2016 U.S. Dist. LEXIS 46111 at *7. "Billing practices that tend to inflate the number of hours recorded also warrant reductions." Barile v. Allied Interstate, Inc., 2013 U.S. Dist. LEXIS 32483 at *9 (S.D.N.Y. Jan. 30, 2013). Multiple entries billed as 0.1 hour for tasks such as sending emails "appears designed to

4

inflate the total number of hours billed, by attributing a separate 6 minutes to each task." Id. at *23.

### III. DISCUSSION

#### A. Reasonable Hourly Rate

The prevailing party seeking attorney's fees and costs carries the initial burden of production to establish the reasonableness of the requested fee. United States v. $28,000.00 in U.S. Currency, 802 F.3d 1100, 1005 (9th Cir. 2015). Once the applicant meets its burden of production, including proof of market rates in the community, the court then determines whether the fee is reasonable. Id.

##### 1. Mr. Lester

First, Defendants contend that Mr. Lester's rate of $500 per hour is unreasonable because courts in this district have approved lower rates for attorneys with Mr. Lester's experience. To support this, defense points to an award of $375 per hour which Mr. Lester received in 2013 for a similar cause of action under the FDCPA and the RFDCPA. Sanko v. Riverwalk Holdings, LTD, 2013 WL 3821553 at *4 (S.D. Cal. May 30, 2013). However, this rate was for Mr. Lester's work leading to a default judgment for litigation ending in 2013, more than three years before this case was filed. See generally id. It would be an abuse of discretion to apply this rate, and the Court declines to do so now. Bell v. Clackamas Cty., 341 F.3d 858, 869 (9th Cir. 2003) ("We hold, however that it was an abuse of discretion in this case to apply the market rates in effect [more] than two years *before* the work was performed." (emphasis in original))

Second, Defendants assert that Mr. Lester's hourly rate should be reduced because he was unfamiliar with Anti-SLAPP motions. Plaintiffs assert that consulting with the expert familiar with Anti-SLAPP motions may have been ethically required under the California Rules of Professional Conduct 1.1(c), which states "[i]f a lawyer does not have sufficient learning and skill when the legal services are undertaken, the lawyer nonetheless may provide competent representation by (i) associating with, or where

5

appropriate, professionally consulting another lawyer whom the lawyer reasonably believes to be competent . . . ." Cal. R. Prof'l Conduct 1.1(c)(i). This "learning curve" time that the prevailing party spends "coming up to speed on an area of law it is unfamiliar with," is not recoverable as part of an attorneys' fee award. Planned Parenthood of Cent. N.J. v. Att'y Gen., 297 F.3d 253, 271 (3rd Cir. 2002) (citations omitted); see also Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). As a result, the Court declines to reduce Mr. Lester's hourly rate to reflect this learning curve time.

Third, Defendants seek to use reasonable rates from other Southern District of California cases to lower Mr. Lester's hourly rate. Defendants point to Nguyen v. LVNV Funding, LLC, where a $425.00 award was reasonable because the attorney had been practicing for over thirty-six years, litigating many cases under the FDCPA and the RDFCPA. Nguyen v. LVNV Funding, LLC, 2017 WL 1957556 at *4 (S.D. Cal. May 11, 2017). Likewise, in Nguyen v. HOVG, LLC, a court in this district found a $450 fee as reasonable for a consumer rights attorney's fees under the FDCPA and the RFDCPA. Nguyen v. HOVG, LLC, 2015 U.S. Dist. LEXIS 124019 at *6 (S.D. Cal. Sept. 15, 2015). This rate was approved for the founding partner of a law firm with 20 years of experience who requested a rate of $500 per hour. Id. Here, Mr. Lester has been practicing for 36 years total, since 1983 in Missouri and since 2002 in California, which exceeds the experience of the attorney in Nguyen v. HOVG, LLC, and matches the experience of the attorney in Nguyen v. LVNV Funding, LLC. (*Pl.'s Mem. P. & A.* [Doc. 56-1] at 15.) Declarations filed in support of Mr. Lester's hourly rate also suggest that $500 per hour is reasonable. (*Keogh Decl.* [Doc. 56-3] at ¶ 10; *Villasenor Decl.* [Doc. 56-3] at ¶ 17; *Grace Decl.* [Doc. 56-3] at ¶ 7.) The evidence provided regarding the reasonable rate for attorneys practicing in FDCPA and RDFCPA claims is satisfactory. See United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

The Court finds Mr. Lester's hourly rate of $500 per hour reasonable.

**2. Ms. Belford Smith**

| | |
|---|---|
| 1 | Defendants also assert that Ms. Belford Smith's rate of $195.00 is unreasonable, |
| 2 | and that the amount should be reduced to $150. "In this District, $90 to $210 per hour is |
| 3 | generally reasonable for paralegal work . . . ." Lewis v. Cty. of San Diego, 2017 U.S. |
| 4 | Dist. LEXIS 203457 at *36 (S.D. Cal. Dec 8, 2017). Ms. Belford Smith has more than |
| 5 | thirty-five years of experience, and for the last eleven years has worked primarily in |
| 6 | litigation under the FDCPA. (Pl.'s Mem. P. & A. [Doc. 56-1] at 15). In support of their |
| 7 | argument, Defendants point to Whitewater West Industries, Ltd. v. Pac. Surf Designs, |
| 8 | Inc., 2019 WL 2209398 at *2 (S.D. Cal. May 22, 2019). However, Whitewater West is |
| 9 | inapplicable, because that case's plaintiffs had discounted their rates, and the defendants |
| 10 | did not object to the billing rates. Id. Given Ms. Belford Smith's experience, $195.00 is |
| 11 | reasonable for paralegal services. |

### 3. Mr. Weisband

Finally, Defendants contest the rate of $150 for Mr. Weisband. "[A] law clerk generally conducts similar research and writing regardless of the type of litigation." Youngevity Int'l Corp. v. Smith, 2018 WL 2113238 at *4 (S.D. Cal. May 7, 2018). In Youngevity International, a rate of $135 was reasonable for a law clerk who graduated from law school in 2017. Id. A court in this district has also held that $175 was proper for a law clerk. Brown v. 22nd Dist. Agric. Ass'n, 2017 WL 3131557 at *5-6 (S.D. Cal. July 21, 2017). Given that Mr. Weisband worked on researching the Plaintiffs' fee motion for over 20 hours, the Court believes it is not appropriate to award fees at an hourly rate towards the upper end of this range. But Plaintiffs are only requesting $150, not $175. Therefore, this hourly rate is reasonable.

**B.  Number of Hours Reasonably Expended**

    **1. Second Motion to Strike**

Defendants argue that Plaintiffs should not recover for the failed Second Motion to Strike. [Doc. 32.] "[P]laintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit." Cabrales v. Cty. of Los Angeles, 935 F.2d 1050, 1052 (9th Cir. 1991). However, prevailing parties should only

7

16-cv-02890 W (BGS)

recover fees for what is strategically reasonable in actually succeeding on the claims. See Thomas v. City of Tacoma, 410 F.3d 644, 649–50 (9th Cir. 2005).

Courts may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions function to avoid spending time and money litigating spurious issues. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010). "Motions to strike are generally disfavored and are 'usually . . . denied unless the allegations in the pleading have no possible relation to the controversy and may cause prejudice to one of the parties." Puccio v. Love, 2018 U.S. Dist. LEXIS 105962 at *6 (S.D. Cal. June 25, 2018) [Doc. 40] (quoting Travelers Cas. & Sur. Co. v. Dunmore, 2010 U.S. Dist. LEXIS 136456 at *11 (E.D. Cal. Dec. 14, 2010)). Furthermore, under Rule 12(g), "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] may not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).

Here, this Court denied all of Plaintiffs' assertions in their Second Motion to Strike. First, Plaintiffs attempted to strike the statute of limitations defense. [Doc. 36]. "This [was] without merit. Plaintiffs allege that Defendants violated only two statutes—the FDCPA and the Rosenthal Act. Both have a one-year statute of limitations." Puccio, 2018 U.S. Dist. LEXIS 105962 at *7 [Doc. 40] (citations omitted). Second, this Court rejected Plaintiffs' motion to strike the good faith defense, because Plaintiffs failed to "show that the material in question falls within the ambit of Rule 12(f)." Id. at *7–8. Third, this Court rejected Plaintiffs' motion to strike two privilege affirmative defenses, since "Plaintiffs had the opportunity to move to strike these defenses in the prior motion to strike, and they did not avail themselves of it. They waived these objections." Id. at *9 (citations omitted). Fourth and finally, Plaintiffs moved to strike a defense identical to one Defendants brought in the previous answer, yet this Court found their re-attempt "no more persuasive than their last." Id.

8

While under Hensley, mere denial would not preclude recovering attorneys' fees for time spent on the motion, the reasonability of the assertions made do preclude recovery. See Hensley, 461 U.S. at 435 ("Accordingly, work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" (citations omitted)). This Court was and remains unconvinced by Plaintiffs' legal arguments. Furthermore, arguing over an objection waived under Rule 12(g) is not strategically reasonable, and had no bearing on Plaintiffs' success in this case. This is particularly true given the law's disfavor for Rule 12(f) motions.

Therefore, the time spent on this second Motion to Strike is not reasonable, and the Court deducts 19.50 hours from Mr. Lester, 20.50 hours from Ms. Belford Smith, and two hours from Mr. Weisband—before any discount is applied.

## 2. Plaintiffs' Billing for Emails Appears Artificially Inflated

Defendants also point out that Plaintiffs are seeking fees for multiple emails billed at 0.1 hours, characterizing many as "intraoffice" or "clerical." Billing for individual, mundane tasks like emails or filing with excessive specificity can lead to artificial inflation of time spent. See Barile, 2013 U.S. Dist. LEXIS 332483 at *23. "'Hours that are not properly billed to one's *client* are also not properly billed to one's *adversary* . . . .'" Hensley, 461 U.S. at 434 (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)).

Mr. Lester's office uses email as the primary means of communication and seeks to recover for time stamped email entries. Since Ms. Belford Smith is officed in Missouri, these communications are not intraoffice. Mr. Lester notes that twenty-three emails not relating to the second Motion to strike may have been less than 0.1 hours, and instead suggests that they should be appropriately billed at 0.05 hours (three minute-intervals). In addition to Mr. Lester's own reduction, the Court is reluctant to award fees for an additional 131 emails billed at 0.1 hours because the time stamp of other entries indicates a difference of less than six minutes. For these 131 questionable emails, which Mr. Lester may have actually spent anywhere from one second to six minutes either

9

reading or composing, the Court deducts 10.5 hours, and an additional hour for the twenty-three communications which Mr. Lester identified.

### 3. Clerical Tasks

Defendants assert that Plaintiffs cannot recover for the clerical work, including scheduling, filing, data entry and time entry. Clerical work is not recoverable as part of an attorneys' fee award. See Arana, 2016 U.S. Dist. LEXIS. 46111 at *6-7. Unlike Mr. Lester's emails, Ms. Belford Smith's emails are not time stamped. Not including time spent on the Second Motion to Strike, forty-two hours of Ms. Belford Smith's time entries, including those for tasks such as "Research travel information for PAL to LA for depos: train schedules and Uber fees" and "Prepare time entries" are clerical, and are therefore deducted from the award calculation.

### 4. Time Spent Reviewing Court Orders

Defendants also argue that time Mr. Lester spent reviewing court filings is excessive. In his reply brief, Mr. Lester reduced the time spent on 14 entries to 0.05 hours, or three minutes. The Court believes this is reasonable, and therefore subtracts 0.7 hours from Mr. Lester.

### 5. Time Spent On The Anti-SLAPP Motion

As discussed above, the Court declines to lower Mr. Lester's fee rate as a result of "learning curve time." However, the time Mr. Lester spent "coming up to speed" on Anti-SLAPP motions will be deducted, since it is not recoverable as part of a fee award. See Planned Parenthood, 297 F.3d at 271. Accordingly, the Court deducts 6.8 hours from Mr. Lester's time.

### 6. Excessive Litigation Time

Defendants further contend that the total hours spent should be reduced due to overlitigation, asserting that time spent before the Complaint was filed, during discovery, and during settlement negotiations was excessive. Courts "defer to the winning lawyer's professional judgment as to how much time [they] were required to spend on the case . . . ." Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008). Overlitigation

deemed excessive does not count towards the reasonable time component of a lodestar calculation. See Tomovich v. Wolpoff & Abramson, L.L.P, 2009 WL 2447710 (S.D. Cal. Aug. 7, 2009).

In Tomovich, the time claimed by the prevailing party was reduced due to unreasonable time spent in discovery and because plaintiff's counsel spent 11.7 hours conducting pre-complaint research. Id. at *5. However, under Federal Rule of Civil Procedure 11, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] the claims, defenses, and other legal contentions are warranted . . . [and that] the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b).

Here, Mr. Lester seeks 15.9 hours of work completed prior to the Complaint. This includes, for example: time for phone conferences with Mr. Lester's clients, intake, factual revisions to the Complaint, and even a specific "due diligence FRCP 11 – including research other cases against [defendant] CMRE" time entry. [Doc 56-5]. Tomovich involved one plaintiff and one defendant. Tomovich, 2009 WL 2447710 at *1. This case is more complex than Tomovich, because Tomovich was not delayed by having to consider third-party players like the Sacramento sheriff, or Mr. Puccio's employer. See id. As a result, the Court defers to Plaintiffs' counsel's professional judgment regarding the time he believed he reasonably required to satisfy Rule 11. See Moreno, 534 F.3d at 1112. Furthermore, the Defendants' own conduct may have contributed to the time spent in discovery. Here, Defendants had cancelled scheduled depositions, and objected to the depositions locations later supplied. The Court is reluctant to withhold the time Plaintiffs spent accommodating Defendants' tactics.

### 7. Plaintiffs' Fees On Fees

In FDCPA cases, fees-on-fees are presumptively recoverable as part of the lodestar calculation if they are reasonable. Camacho, 523 F.3d at 982. Again, Defendants point to Tomovich, where the court reduced the plaintiff's 35 hours of fees on fees by fifty percent. Tomovich, 2009 WL 2447710 at *5. In that case, the fees dispute was the most

11

time-consuming issue, and counsel billed two identical days in a manner that was "insufficiently precise for such a large amount of time." Id.

Here, the fee negotiations make up a fraction of the hours claimed by Plaintiffs. The Court finds that the hours spent for fees on fees are reasonable, and the Court declines to reduce the award for these hours.

//
//
//

## IV. CONCLUSION & ORDER

The lodestar is calculated by multiplying the total hours reasonably worked with the reasonable hourly rate. Morales, 96 F.3d at 363. The Court's calculations are as follows:

|  | Mr. Lester | Rate | Ms. Belford Smith | Rate | Mr. Weisband | Rate |
|---|---|---|---|---|---|---|
| **Total Billed Before Reductions** | **274.8** |  | **161.3** |  | **34.5** |  |
| Reductions: |  |  |  |  |  |  |
| Second Motion to Strike | -19.5 |  | -20.5 |  | -2.0 |  |
| Emails | -11.5 |  | 0 |  | 0 |  |
| Clerical Tasks | 0 |  | -42.0 |  | 0 |  |
| Time Spent Reviewing Court Orders | -6.8 |  | 0 |  | 0 |  |
| Excessive Litigation Time | 0 |  | 0 |  | 0 |  |
| Fees on Fees | 0 |  | 0 |  | 0 |  |
|  |  |  |  |  |  |  |
| Total Hours Reasonably Worked | 237.0 |  | 98.8 |  | 32.5 |  |
| Total Hours after 15% Discount | 201.45 | $500 | 83.98 | $195 | 27.625 | $150 |
| Lodestar Fees | $100,725.00 |  | $16,376.10 |  | $4,143.75 |  |
| **Total Fees after 15% Reduction** | **$121,245.85** |  |  |  |  |  |
| **Costs** | **$1,054.03** |  |  |  |  |  |

13

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for attorneys' fees in the amount of $121,245.85 and costs in the amount of $1,054.03.

**IT IS SO ORDERED.**

Dated: January 28, 2020

_____
Hon. Thomas J. Whelan
United States District Judge